[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 20, 1991 Date of Application December 23, 1991 Date Application Filed December 26, 1991 Date of Decision June 23, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford-New Britain. Docket No. 90-397828.
 Walter Stewart, Jr., Esq., Defense Counsel for Petitioner Ed Narus, Esq., Assistant State's Attorney for the State
BY THE DIVISION
The defendant pleaded guilty under the Alford Doctrine to one count of Assault First Degree, General Statutes53a-59(a)(3). The Court imposed a sentence of 15 years, execution suspended after 8 years, 3 years probation.
The record shows that the wife of the petitioner was shot three times to the rear of the head by a .38 caliber weapon. The victim's December 11, 1990 statement claims "my husband put the gun against my head and he pulled the trigger." In later statements the victim claimed she grabbed at the gun and it accidentally fired.
Petitioner's attorney emphasized the victim's change of her story. He urged this Division to give great weight to petitioner's alcoholism and claimed that it was the cause of this accident. He urged the Division to consider the excellent pre-sentence investigation and the victim's support of the petitioner.
Speaking on his own behalf petitioner apologized and stated the shooting was an accident. He stressed how hard he had worked in the past to support his family. He also claimed the trial judge said he would give him the right to argue for a reduced sentence, but failed to reduce his sentence.
The assistant state's attorney argued the sentence was appropriate considering the petitioner was given light CT Page 6799 sentences for two previous convictions. The first conviction was for assaulting his wife with a baseball bat, the second for reckless endangerment. In the second incident he went to his wife's place of employment with a can of gasoline and threatened to set the building on fire. The state claimed that the previous sentences provided no rehabilitative effect on the petitioner and that he was given every consideration due him considering his repeated violent behavior toward his wife.
The trial court judge noted the petitioner's knowledge of weapons and discounted the claim that it was an accidental shooting. He also considered petitioner's past history with the victim and noted the seriousness of the crime.
In reviewing the sentence in this case in accordance with Conn. Practice Book 942, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offense and the character of the petitioner, his previous history of domestic violence toward the victim.
The sentence is affirmed.
Purtill, J.
Norko, J.
Klaczak, J.
Purtill, J., Norko, J., and Klaczak, J. participated in this decision.